Dan LOSTUTTER, Petitioner–Appellant,

v.

Howard A. PETERS, III, Illinois Department of Corrections, and Roland W. Burris, Attorney General of the State of Illinois, Respondents–Appellees.

No. 93–3998.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1994.

Decided March 9, 1995.

Dianne Mary McNamee (argued), Springfield, IL, for petitioner-appellant.

Penelope Moutoussamy George (argued), Office of the Atty. Gen., Crim. Appeals Div., Chicago, IL, for respondents-appellees.

Before FLAUM, EMILIO M. GARZA,* and ROVNER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge.

Dan Lostutter appeals the district court's denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (1988). We affirm.

## I

Dan Lostutter was convicted of one count of aggravated criminal sexual abuse and two counts of aggravated criminal sexual assault. On appeal, the Illinois Appellate Court reversed his conviction on one of the aggravated sexual assault counts and affirmed the two remaining convictions. Although Lostutter claimed on appeal that the jury had not been properly instructed, the court refused to consider his claim because it concluded that Lostutter had waived the claim by failing to object contemporaneously to the instructions and offer alternative instructions. The Illinois Supreme Court denied Lostutter's petition for leave to appeal, in which he had again argued the jury instruction claim.[1]

Lostutter next sought postconviction relief. First, he filed a petition for a writ of habeas corpus in the United States District Court for the Central District of Illinois, alleging:

1) Ineffective assistance of his trial counsel, based on counsel's failure to object to the jury instructions, offer alternate instructions, and file a post-trial motion; 2) ineffective assistance of appellate counsel, based on counsel's failure to raise completely the ineffective assistance of trial counsel claim; and 3) ineffective assistance of postconviction counsel. The federal district court dismissed the petition because Lostutter had not exhausted his state postconviction remedies. Lostutter then filed a petition for postconviction relief in state court, raising the same claims as he had in his federal habeas petition. The state postconviction court found Lostutter's claims meritless and denied his petition for postconviction relief. Lostutter failed to appeal the denial to the Illinois Supreme Court.

Having depleted all of the state postconviction avenues, Lostutter returned to federal court and filed a second habeas corpus petition. He asserted essentially all the claims he had raised previously either on direct appeal or in his state postconviction petition.[2] The district court denied the petition, finding that 1) Lostutter's failure to appeal the denial of his state habeas petition to the Illinois Supreme Court constituted a procedural default, thereby barring the federal court from reaching the merits of the ineffective assistance claims; and 2) the Illinois Appellate Court's finding of waiver of the jury instruction issue constituted an independent and adequate state ground for denying Lostutter's direct appeal, thereby barring federal review of the merits of that claim. Lostutter appeals the district court's denial of his habeas corpus petition on numerous grounds.

## II

In his appeal from the district court's denial of his petition, Lostutter challenges the performance of every attorney he has had, to

1) denial of Fourteenth Amendment right to fair trial and unanimous jury (the jury instruction claim);
2) ineffective assistance of trial counsel;
3) ineffective assistance of appellate counsel; and
4) ineffective assistance of state postconviction counsel.

---

* The Honorable Emilio M. Garza, Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Lostutter raised other claims at the Appellate Court and Supreme Court levels, none of which are at issue in this case.

2. Those issues relevant to this case included:

date. He alleges the ineffective assistance of his counsel as the reasons for the appellate and postconviction courts' refusals to consider the merits of his jury instruction claim. He also contends that 1) his federal postconviction counsel was constitutionally ineffective for failing to preserve for appeal his ineffective assistance claim relating to his state postconviction counsel, 2) the assistance of his state postconviction counsel was constitutionally ineffective, 3) the assistance of his appellate counsel was constitutionally ineffective for failing to raise the issue of his trial counsel's ineffectiveness, and 4) the assistance of his trial counsel was ineffective for failing to correct or preserve the alleged errors surrounding the jury instructions.

Before we may reach the merits of Lostutter's ineffective assistance of counsel or jury instruction claims, we must determine whether he has exhausted his state remedies and avoided any procedural defaults. *Jones v. Washington,* 15 F.3d 671, 674 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 28, 129 L.Ed.2d 926 (1994); *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988), *cert. denied,* 490 U.S. 1009, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989). If we resolve either determination in the negative, Lostutter's petition is barred, and we will not reach its merits.[3] As exhaustion of state remedies is not at issue in this case,[4] we focus on procedural default.

■ A petitioner procedurally defaults on a claim by failing to present it to the highest court of the state. *Jones,* 15 F.3d at 675. Once a claim is procedurally defaulted, a federal court will not address that claim unless the petitioner can show both cause for the default and prejudice from the failure to obtain review on the merits. *See id.* ("Failure to appeal claims in state postconviction proceedings will result in procedural default of those claims unless [petitioner] can show

cause and prejudice."); *Nutall v. Greer,* 764 F.2d 462, 465 (7th Cir.1985) ("[W]e hold that a convicted state prisoner who fails to seek leave to present to the highest state court the constitutional objections that form the basis of his federal habeas petition waives those objections unless he can show cause for his default and prejudice from the alleged constitutional infirmities.").

■ Lostutter argues that, because he can show cause for and prejudice from his failure to seek a petition for leave to appeal the denial of his state postconviction claims to the Illinois Supreme Court, we should not apply the procedural default rule to that failure.[5] Lostutter alleges that external factors impeded his ability to seek leave to appeal: 1) He was being transferred to another penal facility; 2) he has no legal research and writing skills; and 3) he cannot use the prison law library support because other inmates might harm him when they learn of the crime for which he was convicted. These issues, however, were not presented to the district court, and we do not review issues raised for the first time on appeal. *United States ex rel. Cole v. Lane,* 752 F.2d 1210, 1219 (7th Cir.1985). Accordingly, we do not address Lostutter's attempt to show cause for his failure to appeal to the Illinois Supreme Court, and we do not excuse his procedural default on his state habeas claims. We consequently limit the possibility of our merit review to those claims Lostutter raised on direct appeal. *See Nutall,* 764 F.2d at 463 (explaining that, if petitioner presented claim on direct appeal, petitioner need not present claim to state habeas court to avoid procedural default).

■ Although Lostutter raised his jury instruction claim on direct review, the district court refused to address its merits be-

---

**3.** *See Jones,* 15 F.3d at 674 ("Failure to exhaust all state remedies bars consideration of the petition. Failure to raise all claims during the course of the state court proceedings bars consideration of those claims not raised."); *Henderson,* 859 F.2d at 496 ("If the answer to either of these [procedural] inquiries is 'no,' the petition is barred either for a failure to exhaust state remedies or for a procedural default.").

**4.** The state did not contend below, nor does it now contend, that Lostutter has any remaining available state remedies.

**5.** *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (holding that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule").

cause the state appellate court's holding that he had waived his jury instruction claim established an independent and adequate state ground for the decision. The Supreme Court "has long held that it will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S. 255, 260, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1988).[6] Lostutter does not challenge the finding that the state appellate court's waiver ruling constituted an independent and adequate state ground; instead, he argues that he established both cause for and prejudice from the actions resulting in the waiver.

A federal court will not use the independent and adequate state grounds doctrine to bar federal review if the petitioner shows both cause for his procedural error and prejudice from that error. *See Sykes,* 433 U.S. at 87, 97 S.Ct. at 2506 (barring federal habeas review of issue subject to state procedural waiver absent showing of cause and prejudice).[7] Lostutter asserts the ineffectiveness of his trial counsel as the cause for his waiver of the jury instruction claim.

A federal court may not consider ineffective assistance of counsel as cause for a procedural default, unless the ineffectiveness claim was itself presented to the state courts as an independent claim. *Murray,* 477 U.S. at 489, 106 S.Ct. at 2646 (requiring that "a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"). Because only those claims that Lostutter presented on direct appeal survived his state habeas procedural default, Lostutter can raise the ineffectiveness of his trial counsel's assistance as cause only if he raised it on direct appeal as an independent claim for relief. Neither Lostutter's initial appeal to the Illinois Appellate Court nor his petition for leave to appeal to the Illinois Supreme Court included an independent Sixth Amendment claim; he raised it only as a separate argument for why he did not waive his jury instruction claim. Accordingly, we hold that because Lostutter did not present his ineffective assistance claim to the state courts as an independent claim,[8] he may not offer it here as cause for his procedural default on the jury instruction claim. Because Lostutter cannot otherwise show cause for having waived his jury instruction claim,[9] the district court properly determined that the state appellate court's waiver ruling barred federal review of the merits of the jury instruction claim. *See Buelow v. Dickey,* 847 F.2d 420, 425 (7th Cir.1988) ("A petitioner's inability to demonstrate either [the cause or prejudice] prong results in dismissal of his habeas petition before the merits of his claims can be reached."), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989).

6. *See also Coleman v. Thompson,* 501 U.S. 722, 729–31, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991) ("The doctrine applies also to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."); *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977) ("[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts.").

7. *See Schlup v. Delo,* — U.S. —, —, 115 S.Ct. 851, 860–61, 130 L.Ed.2d 808 (U.S. Jan. 23, 1995) (requiring petitioner to show cause and prejudice excusing failure to comply with state procedural rules); *Coleman,* 501 U.S. at 750–51, 111 S.Ct. at 2565 (barring federal habeas review of decision based on independent and adequate state ground "unless the prisoner can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law"); *Harris,* 489 U.S. at 262, 109 S.Ct. at 1043 ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto'...." (citations omitted)).

8. *Cf. Verdin v. O'Leary,* 972 F.2d 1467, 1474 (7th Cir.1992) ("[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to that court." (citation omitted)).

9. *See Murray,* 477 U.S. at 486–87, 106 S.Ct. at 2644 ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

Lostutter claims also that he was deprived of his right to effective assistance of counsel in his trial, appellate, state postconviction, and federal habeas proceedings. His Sixth Amendment claims concerning his trial and appellate counsel, however, appeared for the first time in his state habeas proceedings. As we have already explained, Lostutter's failure to appeal those claims to the Illinois Supreme Court constitutes a procedural default, barring us from reviewing the merits of those claims.

In his federal habeas petition now before us, Lostutter added ineffective assistance of counsel claims concerning his state postconviction and federal habeas counsel. A defendant's right to effective assistance of counsel, however, exists only where the Constitution guarantees a defendant the right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 559, 107 S.Ct. 1990, 1995, 95 L.Ed.2d 539 (1987) (refusing to hold counsel to constitutional performance standards where no federal constitutional right to counsel existed); *Buelow*, 847 F.2d at 426 (rejecting ineffective assistance of counsel claims involving counsel not constitutionally required). For that reason, we reject both ineffective assistance of habeas counsel claims. *Finley*, 481 U.S. at 555, 107 S.Ct. at 1993 ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also id.* ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.").

### III

Because none of Lostutter's claims survived his procedural defaults, we AFFIRM the district court's denial of his petition for a writ of habeas corpus.