70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bobby R. LONG, Jr., Petitioner-Appellant,
v.
Craig A. HANKS, Respondent-Appellee.
 No. 95-1481.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 15, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Bobby Long sought a writ of habeas corpus, 28 U.S.C. Sec. 2254. The district court denied the petition on the grounds that the claims were procedurally defaulted and that the petition was an abuse of the writ. We affirm.
 
 ANALYSIS
 
 2
 This is petitioner's third petition in the district court for habeas relief.[1] In this petition, petitioner challenges his Indiana state conviction for attempted robbery on two grounds:[2]
 
 
 3
 1. ineffectiveness of trial counsel, based upon trial counsel's alleged conspiracy with the prosecutor to violate a jury trial waiver agreement;
 
 
 4
 2. ineffectiveness of appellate counsel for refusing to investigate trial counsel's conduct and present it as a basis for reversal on direct appeal.
 
 
 5
 Petitioner raised these claims in two state post-conviction proceedings. Both state petitions were denied, however, and petitioner acknowledges he did not appeal either denial.
 
 
 6
 Issues that are raised in state post-conviction petitions but are not appealed are waived. Farrell v. Lane, 939 F.2d 409, 411 (7th Cir.), cert. denied, 502 U.S. 944 (1991). See also Lostutter v. Peters, 50 F.3d 392, 396 (7th Cir.1995) (such claims are procedurally defaulted); Jones v. Washington, 15 F.3d 671, 675 (7th Cir.), cert. denied, 114 S.Ct. 2753 (1994). "[F]ederal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). See also Boyer v. United States, 55 F.3d 296, 300 (7th Cir.1995).
 
 
 7
 Petitioner concedes that he has procedurally defaulted his claims, but argues that the miscarriage of justice exception applies because he is actually innocent. On appeal, petitioner bases his claim of innocence on the fact that his trial was continued for a week and that the official state court record shows an incorrect trial date. Such claims, at best, relate to legal innocence rather than factual innocence and are inapplicable to the miscarriage of justice exception. See Boyer, 55 F.3d at 300.[3] There is nothing in petitioner's presentation that even remotely indicates he is actually innocent of the crime of conviction.
 
 
 8
 Petitioner also argues that he can show cause and prejudice for the defaults. Petitioner maintains that there are two causes for the default: (1) appellate counsel failed to raise the issues on direct appeal; and (2) the state trial court "cheated" petitioner of his right to appeal the denial of his first petition for post-conviction relief by not notifying him of its decision until after the time to appeal had passed.
 
 
 9
 As to the first claim, ineffective assistance of counsel can only be utilized as "cause" for a default if it was raised as an independent claim before the state courts. Lostutter, 50 F.3d at 395. Absent cause for defaulting the ineffective assistance claim, it cannot be utilized as cause for other defaults. Farrell, 939 F.2d at 412.
 
 
 10
 Petitioner's claim regarding the state court's failure to notify him of its decision is also unavailing. Interference by state officials can provide cause which may excuse a procedural default. See Coleman, 111 S.Ct. at 2566. However, petitioner has presented no evidence in support of his claim. Further, as noted by the government, Indiana has procedures for correcting such errors and allowing for a belated appeal. (See Record # 8, Exhibit 13). Petitioner has indicated he began such a procedure, but abandoned it when the state court initially denied the petition and sent the record to the state public defender. (Petitioners Brief at 5-6; Record # 11, Petitioner's Response at 8-9). Petitioner has thus defaulted this claim.[4]
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 His first two petitions were denied without prejudice for failure to exhaust state remedies. Because the prior petitions were dismissed without prejudice, petitioner's third filing does not constitute an abuse of the writ
 
 
 [2]
 The district court, which construed the pro se petition broadly, believed that other claims were raised. Petitioner has specifically indicated that he only intended to raise two claims. (Petitioner's Brief at 8 n. 5)
 
 
 [3]
 In the district court, the petitioner asserted that the victims of the crime were perjuring themselves and that the district court should credit petitioner's account of what actually transpired. Such reassessments of the credibility of witnesses is not the function of a habeas court
 
 
 [4]
 Petitioner has presented no cause for his failure to appeal in the second state post-conviction proceeding