70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie L. SMITH, Petitioner-Appellant,
v.
Charles MILLER, Respondent-Appellee.
 No. 95-2595.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1995.*
Decided Nov. 22, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 ORDER
 Willie Smith is serving a 15-year sentence in an Indiana state prison as a result of his 1993 conviction for dealing cocaine. Smith filed a petition to set aside his conviction under 28 U.S.C. Sec. 2254 alleging that the trial court violated his right to a speedy trial, improperly admitted character evidence against him, improperly revealed to the jury that he was incarcerated during the trial, and convicted him based on insufficient evidence. The district court held that Smith procedurally defaulted his claims by not presenting them to the Indiana Supreme Court. Smith appeals, and we affirm.
 Smith appealed his conviction to the Indiana appellate court, but he never filed a petition for transfer to the Indiana Supreme Court.[1] If a petitioner under Sec. 2254 has not presented his claims to the highest state court, they are procedurally defaulted. Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir.), cert. denied, 116 S.Ct. 130 (1995); Nutall v. Greer, 764 F.2d 462, 464 (7th Cir.1985). We may not review a procedurally defaulted claim unless the petitioner shows cause for his default and demonstrates prejudice. Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir.1995). Smith claims that his attorney's failure to file an appeal to the Indiana Supreme Court is cause that excuses his procedural default. Ineffective assistance of counsel may provide cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986); United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990). However, a petitioner must first present his ineffective assistance claim to the state courts before he may argue that it is cause for a procedural default. Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.1995), cert. petition filed (U.S. Sept. 18, 1995) (No. 95-6099); Lostutter, 50 F.3d at 395.[2] Therefore, Smith may not argue that his attorney committed ineffective assistance thus excusing his procedural default.
 Finally, Smith argues that we should overlook his procedural default because his conviction constitutes a fundamental miscarriage of justice. The fundamental miscarriage of justice exception allows federal courts to overlook a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. To invoke this exception, Smith must make a "colorable showing of factual innocence." Herrera v. Collins, 113 S.Ct. 853, 862 (1993). Smith offers no facts or "probative evidence," see Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion), that would constitute a "colorable showing" of innocence. Thus, we may not invoke the fundamental miscarriage of justice exception in this case.
 
 
 1
 In conclusion, Smith has procedurally defaulted his claims, and he has failed to demonstrate that his default should be excused. Accordingly, the judgment of the district court is
 
 
 2
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Smith has exhausted his state remedies because any attempt to return to state court would be futile. See Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 667-68 (7th Cir.1990). A transfer petition to the Indiana Supreme Court must be filed within 30 days of the appellate court decision. Ind.R.A.P. 11(B). The Indiana appellate court affirmed Smith's conviction on February 21, 1994, so the 30 days is long past. Nor could Smith seek state post-conviction relief: Indiana reserves postconviction proceedings for issues unknown or unavailable to the petitioner at trial or on direct appeal. Grey v. State, 553 N.E.2d 1196, 1197 (Ind.1990). Smith raised all of the issues presented in his Sec. 2254 petition on direct appeal; thus, these grounds for relief were not unknown or unavailable to him at the time of his direct appeal
 
 
 [2]
 In addition, it is not clear that the failure to file a petition for discretionary review, where the defendant has no constitutional right to counsel, Ross v. Moffitt, 417 U.S. 600, 610-12 (1974), may constitute ineffective assistance. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (retained counsel's failure to file timely petition for discretionary review not ineffective assistance)