107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Will HIGHFILL, Petitioner-Appellant,
v.
Gerald BERGE, Respondent-Appellee.
 No. 95-3583.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 05, 1997.
 
 Before FLAUM, MANION, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Will Highfill was charged with first degree murder and other related offenses stemming from his involvement in a plan to burn down a Wisconsin bar and to collect insurance proceeds. The state solicited several witnesses to testify against Highfill including his co-defendants and other witnesses who were facing unrelated charges in other jurisdictions. After the jury found Highfill guilty of the charges, the Wisconsin state court imposed a life sentence for Highfill's murder conviction, and an additional twenty years consecutive for his related convictions. After exhausting his state remedies,[1] and while confined at the Fox Lake Correctional Institute, Highfill filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, alleging that the state prosecutor 1) failed to disclose that the state's witnesses received inducements or plea agreements for their testimony, and 2) failed to correct false testimony of its witnesses. (Pet.'s Br. at 3) (R. at 1.)[2] Highfill now appeals from the district court's judgment denying his claim on the merits with respect to two of the state's witnesses, and finding that Highfill procedurally defaulted his claims concerning the other witnesses. Because Highfill has not demonstrated that he is entitled to relief pursuant to § 2254, we affirm.
 
 
 2
 Due process requires the prosecution to disclose favorable evidence that is material to the defendant's case. See Brady v. Maryland, 373 U.S. 83 (1963); United States v. Quinn, 83 F.3d 917, 923 (7th Cir.1996); United States v. Veras, 51 F.3d 1365, 1374 (7th Cir.), cert. denied, 116 S.Ct. 540 (1995). Indeed, due process imposes on the prosecution an "affirmative duty to disclose all information that would exculpate a defendant." United States v. Payne, 102 F.3d 289, 292-93 (7th Cir.1996) (citing Kyles v. Whitley, 115 S.Ct. 1555 (1995); Giglio v. United States, 405 U.S. 150 (1972); and Brady, 373 U.S. at 83). Brady also extends to prosecutorial suppression of evidence concerning the reliability of a key witness when such impeachment evidence would be material to guilt or innocence. See United States v. Bagley, 473 U.S. 667, 678 (1985); Giglio, 405 U.S. at 154; United States v. Gonzalez, 93 F.3d 311, 315 (7th Cir.1996); Veras, 51 F.3d at 1374.
 
 I.
 
 3
 Highfill alleges that the prosecution improperly withheld or suppressed impeachment evidence concerning inducements or plea agreements received by state witnesses Ralph Jack ("Jack") and Paul Jensen ("Jensen") in return for testifying against Highfill. Jack, one of Highfill's co-defendants, pleaded guilty and agreed to testify against Highfill in exchange for the prosecution's agreement to recommend a fourteen year sentence. (Ex. at 14.) Although Highfill acknowledges the proper disclosure of this agreement, he insinuates on appeal, as he did in the state courts, that Jack was further induced to testify by an undisclosed promise to recommend a sentence shorter than fourteen years. (Pet.'s Br. at 22.) Highfill points to Jack's sentencing hearing (subsequent to Highfill's trial) where the prosecution urged the court to consider imposing a sentence less than fourteen years due to the high level of Jack's cooperation and assistance. (Ex. at 9.)[3]
 
 
 4
 When considering a state prisoner's habeas petition, we presume as correct the determination of factual issues made by a state court, unless the state prisoner rebuts that presumption by clear and convincing evidence. See Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104-132, Title I, § 104, 110 Stat. 1218 (codified as § 2254(e)(1)).[4] After a hearing on Highfill's claim, the state trial court found that the prosecution did not promise Jack, explicitly or implicitly, at the time that he provided testimony against Highfill, that it would advocate a sentence of less than fourteen years. (R. at 1, attach. B and 21.) This state court factual finding sufficiently disposes of Highfill's Brady claim because Highfill has not demonstrated the existence of any undisclosed agreements--material or otherwise--offered to Jack as inducements for his testimony. See Brady, 373 U.S. at 83. In any event, the record shows that the impetus for the prosecution's remarks at Jack's sentencing hearing was that Jack's testimony at Highfill's hearing turned out to be more significant and more helpful than the prosecution anticipated at the time of negotiating Jack's plea agreement. (R. at 9.) Thus, the prosecutor's comment at Jack's sentencing hearing does nothing to indicate the existence of an undisclosed agreement or inducement that Highfill could have used to impeach Jack's credibility.
 
 
 5
 Highfill similarly contends that the state violated Brady by failing to disclose that Jensen, who was convicted of and faced charges unrelated to Highfill's case in other jurisdictions, received inducements for his testimony. (Pet.'s Br. at 6.) Highfill further argues that the prosecution failed to impeach Jensen when he testified at Highfill's trial that he was not testifying pursuant to any inducement or agreement with the state of Wisconsin. Id.; (Resp.'s Br. at 13) (quoting Jensen's testimony at the state post-conviction hearing that he had not "entered into any agreement or received any concession or inducement from the State of Wisconsin in exchange for [his] testimony in [Highfill's trial]").
 
 
 6
 The record shows that Jensen pleaded guilty to cocaine conspiracy charges and agreed to give truthful statements regarding the "conspiracy to possess narcotics with intent to distribute" and to provide "truthful information regarding other criminal activities to the full extent of his knowledge" in return for the government's agreement to forego the prosecution of further federal charges and state charges pending against Jensen in Washington and Indiana. (Ex. at 12.) Jensen's plea agreement did not mention Highfill's trial or otherwise indicate that Jensen's plea was related to the Wisconsin incident for which Highfill was prosecuted. Id. Without discussing the relevance or materiality of Jensen's plea, the district court denied Highfill's Brady claim based on the state trial court's factual finding that the defense "had notice of the existence of the federal plea agreement with Mr. Jensen when Jensen testified at trial." (R. at 21) (citing the state trial court's findings of fact on Highfill's post-conviction motion).
 
 
 7
 Although on appeal Highfill does not dispute the state's factual finding and, in fact, admits that "he is uncertain as to whether or not his defense counsel knew" of Jensen's "deals" (Pet.'s Br. at 31), he contends that Brady required the prosecution to tell the jury about Jensen's plea agreement. (Pet.'s Br. at 25-26.) He further argues that the prosecution should have impeached Jensen when he testified that Wisconsin did not offer him any inducements to testify against Highfill. In support of his claim he points to Napue v. Illinois, 360 U.S. 264, 269 (1959) (holding that the government deprives a defendant of due process by failing to correct its witness's perjurious testimony that he had been promised no consideration for his testimony) and Giglio, 405 U.S. at 154 (holding that a defendant is entitled to a new trial if he can establish that the prosecutor intentionally or inadvertently failed to correct materially false testimony relevant to the credibility of a key government witness).
 
 
 8
 Neither Napue or Giglio support Highfill's claim. Unlike in those cases, Highfill has not demonstrated that Jensen committed perjury--nothing in the record shows that Wisconsin offered Jensen an inducement to testify against Highfill--or that he or his counsel were unaware of Jensen's plea agreement. Brady is not violated unless the prosecution fails to disclose favorable evidence "to the accused that, if suppressed, would deprive the defendant of a fair trial." Bagley, 473 U.S. at 675 (emphasis added). It does not mandate prosecutorial disclosure to the jury. See id.; United States v. Young, 20 F.3d 758, 764 (7th Cir.1994) (noting that the prosecution's Brady obligation is limited to information known to the prosecutor and unknown to the defense); Routly v. Singletary, 33 F.3d 1279, 1285 (11th Cir.1994) (noting that there is no due process or Brady violation resulting from prosecutorial nondisclosure of false testimony if defense counsel is aware and fails to object) (citing Ross v. Heyne, 638 F.2d 979 (7th Cir.1980)). Because Highfill cannot show a violation of Brady or any other constitutional violation based on Jack's or Jensen's testimony, he his not entitled to habeas relief on this claim. See Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, tit. I, § 104 (codified as § 2254(d)) (requiring petitioner to show state decision was contrary to Supreme Court precedent or based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").[5]
 
 II.
 
 9
 Highfill also alleges that two other witnesses, Donald Beach ("Beach") and Lonnie Link ("Link") were permitted to testify that they were offered no inducements to testify by the state when the prosecution allegedly knew that they were required to testify by the terms of agreements reached with other jurisdictions. (Pet.'s Br. at 36, 37.) The district court dismissed this claim based on independent and adequate state procedural grounds, noting that Wisconsin's appellate court refused to review this claim on direct appeal because Highfill failed to raise this challenge at trial or at his post-trial hearing. (R. at 1, attach. A and 21); see Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (noting that federal habeas review is precluded by a state court decision that a petitioner waived an issue by failing to raise it in accordance with state procedure). But a state procedural default does not bar federal habeas review of a constitutional issue where the petitioner shows "cause" for and "prejudice" from the failure to raise the claim in accordance with the state's procedural rules, see id.; Wainwright v. Sykes, 433 U.S. 72 (1977), or that the error caused a "miscarriage of justice" by convicting one who is actually innocent, Schlup v. Delo, 115 S.Ct. 851 (1995); Murray v. Carrier, 477 U.S. 478 (1986). Although Highfill admits that he procedurally defaulted his Brady claims with respect to Beach's and Link's plea agreements, he contends that his trial counsel's ineffective assistance was sufficient cause to overcome his procedural default. The district court refused to excuse his default, however, noting that Highfill failed to present this ineffective assistance of counsel claim to the state courts as an independent claim. (R. at 21); see Lotsutter v. Peters, 50 F.3d 392, 395 (7th Cir.) ("A federal court may not consider ineffective assistance of counsel as cause for a procedural default, unless the ineffectiveness claim was itself presented to the state courts as an independent claim"), cert. denied, 116 S.Ct. 130 (1995).
 
 
 10
 Although we think the record sufficiently shows that Highfill demonstrated "cause" for his procedural default by alleging ineffective assistance of trial counsel in his post-conviction § 974.06 motion and in his state habeas corpus petition, (R. at 1, attach. D, H); see supra note 1, we conclude that Highfill cannot show prejudice from his counsel's failure to impeach Beach's or Link's testimony with their plea agreements at trial, or to challenge, at the post-trial hearing, the prosecution's use of their statements denying they received inducements by Wisconsin to testify. Nothing in the record shows that Beach or Link were offered inducements by the state of Wisconsin to testify against Highfill. They did, however, receive inducements from other jurisdictions in exchange for their testimony in federal and state cases pending in the states of Washington and Indiana. (Ex. at 19-30.) Even if these agreements with other jurisdictions somehow required them to testify in Highfill's case (it is not clear from the record that this is the case), Brady is not violated unless the prosecution suppressed or failed to disclose this information to the defense.[6] At a state court discovery hearing, the prosecution testified that it disclosed Link's and Beach's agreements with other jurisdictions to the defense. (Ex. at 3, transcript). It also agreed to disclose any additional information it received from other jurisdictions concerning inducements for Link's and Beach's testimony. Id. The record contains several reports and letters indicating that the prosecution properly disclosed all information it had concerning Beach and Link. (Ex. at 19-34.) Highfill does not deny this disclosure or otherwise demonstrate that the prosecution improperly suppressed this information.[7] Hence, Highfill has not demonstrated a Brady violation, see Young, 20 F.3d at 764, or otherwise demonstrated prejudice to overcome his procedural default.
 
 
 11
 Based on the foregoing reasons, we AFFIRM the district court's judgment dismissing Smith's § 2254 petition.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Highfill challenged his convictions in a post-trial motion, on direct appeal, and subsequently in two state post-conviction proceedings regarding Highfill's motion for a new trial pursuant to Wis.Stats. § 974.06 and Highfill's subsequent motion for a "writ of habeas corpus." (R. at 1, attach. D, H.) Although Highfill previously alleged ineffective assistance of counsel in his § 974.06 motion, he repeated this claim in his state "habeas corpus" motion that he filed pursuant to Wisconsin case law directing defendants to seek a writ of habeas corpus directly from the state appellate court for ineffective assistance of counsel claims. (R. at 1, attach. F.)
 
 
 [2]
 Although Highfill stated in his habeas petition that his claims were "couched under ineffective assistance of counsel" (R. at 1), the district court construed his claim as directly challenging the state's alleged failure to disclose its witnesses' plea agreements and its knowing use of perjury. (R. at 4.)
 
 
 [3]
 Jack ultimately received an eight year sentence. (Ex. at 9.)
 
 
 [4]
 Even if the AEDPA was inapplicable, Highfill has not overcome the presumption of correctness attributed to a state court's factual findings under the former § 2254(d)
 
 
 [5]
 In this case, the result is not affected by the retroactive application of the new § 2254 standards to Highfill's habeas petition because, as the foregoing analysis demonstrates, Highfill's claim also fails under the prior law
 
 
 [6]
 Moreover, Brady is not violated unless the suppressed evidence is sufficiently "material" such that "had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bagley, 473 U.S. at 682; Veras, 51 F.3d at 1374
 
 
 [7]
 Highfill, states that he "does not know for sure whether or not trial counsel was aware" of these exhibits. (Pet.'s Br. at 39.) Assuming his counsel did know (and thus conceding proper prosecutorial disclosure), he argues that his counsel was ineffective for failing to bring this information to the jury's attention. Id. As previously explained, the prosecutor's obligation under Brady extends to the defense, not to the jury, and this obligation extends only to information unknown or unavailable to the defense. To the extent that Highfill argues that his counsel was ineffective for failing to adequately inform the jury through effective cross-examination of Link and Beach, see supra note 1, he has not demonstrated a right to relief under § 2254. Counsel's failure to question Link or Beach about their plea agreements with other jurisdictions did not result in a fundamentally unfair or unreliable trial. See Lockhart v. Fretwell, 506 U.S. 364 (1993); Strickland v. Washington, 466 U.S. 668 (1984)