106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy A. BURROWS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3617.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Jan. 06, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 19, 1997.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant Timothy A. Burrows was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Burrows was sentenced to 264 months imprisonment, five years of supervised release, a $1,000 fine, and a $50 special assessment. The district court denied Burrows's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We affirm for the reasons stated below.
 
 
 2
 In this appeal, Burrows first argues that he was substantially prejudiced by the district court's refusal to hold an evidentiary hearing on the issue of ineffective assistance of counsel for failing to introduce a statement that Marvin McLin, Burrows's half-brother, gave to police officers.[1] In that statement McLin admitted to owning the weapon on which Burrows's conviction for possession was based.
 
 
 3
 "A section 2255 petitioner is entitled to an evidentiary hearing on his claims, when he alleges facts that, if proven, would entitle him to relief." Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). The district court properly concluded that Burrows failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness and that it resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 668, 694 (1984); Lockhart v. Fretwell, 506 U.S. 364, 364, 369 (1993) (stating that the proper analysis is whether counsel's errors were so serious that it deprived the defendant of a fair and reliable trial).
 
 
 4
 The district court determined that McLin's statement was hearsay and that Burrows offered no basis for its admissibility. Even if the statement could be construed as a statement against interest under Fed.R.Evid. 804(b)(3) the district court correctly held that it would still be inadmissible because it lacked reliability. Additionally, the statement only relates that McLin purchased the gun, rather than addressing the issue of possession. Ownership of the gun does not matter at all with respect to whether Burrows had possession of the gun. See United States v. Rush, 890 F.2d 45, 51 (7th Cir.1989) (stating that legal ownership is of marginal relevance to the issue of possession). Counsel's failure to seek admission of the statement as evidence at trial did not prejudice Burrows and, in fact, parts of the statement would have been harmful to Burrows. This statement asserts that Burrows "always carried a gun in the project." (Memorandum of Law in Support of the Motion, R. 3, exhibit 1, at 3). The district court properly dismissed this claim and did not abuse its discretion in refusing to conduct an evidentiary hearing.
 
 
 5
 Burrows also asserts that the district court committed plain error in refusing to reconsider the denial of his motion to suppress and partial denial of his motion in limine regarding the admission of evidence on his prior possession of a handgun. Since these issues had already been decided against Burrows in his direct appeal of his conviction and there is an absence of changed circumstances of fact or law, the district court appropriately exercised its discretion not to reconsider these issues. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995). Additionally, as we previously held, any possible error in admitting evidence of Burrows's prior acts would have only been harmless error because there was other sufficient evidence for the conviction. United States v. Burrows, 48 F.3d 1011, 1018 (7th Cir.), cert. denied, 115 S.Ct. 2632 (1995).
 
 
 6
 It appears that Burrows may also be attempting to allege that there was insufficient evidence for his conviction of possession of a firearm under § 922(g)(1). Because Burrows failed to raise this issue on direct appeal and he has neither demonstrated cause and prejudice nor shown actual innocence, he has procedurally defaulted this issue. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir.1996). Additionally, as we already held, the evidence presented that Burrows was a felon and that a revolver bearing his fingerprint was found in his residence "is more than sufficient for conviction." Burrows, 48 F.3d at 1018.
 
 
 7
 Burrows more specifically attempts to assert that proof of his "constructive possession" of the handgun is not sufficient for a conviction under § 922(g)(1). In addition to not raising this assertion on direct appeal, we note that Burrows failed to raise it in his § 2255 motion or supporting memorandum. Accordingly, this argument is waived. Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir.), cert. denied, 116 S.Ct. 130 (1995).
 
 
 8
 Lastly, Burrows alleges that the Full Faith and Credit clause of Article IV of the Constitution was violated by the district court when it declined to consider United States v. Lopez, 115 S.Ct. 1624 (1995). Burrows appears to assert that Congress exceeded its authority under the Commerce Clause in enacting § 922(g)(1). This issue is also waived since it was not raised in Burrows's § 2255 motion or supporting memorandum and was only first mentioned in his motion for amendment of judgment. Lostutter, 50 F.3d at 394; (R. 16). Even if we could look at this issue is still lacks substantive merit since we have already upheld the constitutionality of § 922(g)(1) and the firearm was manufactured in Florida. United States v. Bradford, 78 F.3d 1216, 1222-23 (7th Cir.), cert. denied, 116 S.Ct. 1581 (1996).
 
 
 9
 For the reasons stated above the decision of the district court to deny Burrows's § 2255 motion is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 At the district court, Burrows alleged claims of ineffective assistance of counsel for failure to: (1) investigate the grand jury proceedings: (2) call certain witnesses; (3) conduct adequate legal research; (4) introduce a signed statement by McLin; (5) effectively cross-examine Detective Vincere; (6) challenge the seizure of a prison boot that was subsequently admitted into evidence; and (7) challenge the sufficiency of the evidence on direct appeal. (District Court Memorandum Opinion and Order of Sept. 22, 1995, R. 13, at 4). Since in this appeal Burrows only contests the denial of an evidentiary hearing on the issue of failure to admit McLin's statement, he has waived all other claims of ineffective assistance of counsel. Regardless of this waiver, all of Burrows's claims were properly dismissed since the district court properly concluded that Burrows failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness and that it resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 668, 694 (1984); Lockhart v. Fretwell, 506 U.S. 364, 364, 369 (1993)