**Robert J. HALEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Nos. 95–2606, 95–2607.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 23, 1996.

Decided Feb. 27, 1996.

Robert J. Haley (Submitted), Pekin, IL, pro se.

Richard H. Lloyd, Office of the United States Attorney, Criminal Division, Fairview Heights, IL, Michael C. Carr, Office of the United States Attorney, Benton, IL, for U.S.

Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.

PER CURIAM.

Robert J. Haley is serving a 151–month sentence for participating in a conspiracy to manufacture in excess of 1,000 marijuana plants. In November 1993, Haley filed a § 2255 petition. The district court denied his petition on June 1, 1994, and we affirmed on July 6, 1995. *See Haley v. United States,* 61 F.3d 905 (7th Cir.1995) (unpublished order) (text in Westlaw). On November 17, 1994, while the appeal from his first petition was pending, Haley filed a second § 2255 petition. The district court dismissed his second petition, holding that its filing constituted an abuse of the writ. *See* Rules Governing § 2255 Proceedings, 9(b); *McCleskey v. Zant,* 499 U.S. 467, 489, 111 S.Ct. 1454, 1467–68, 113 L.Ed.2d 517 (1991). Haley appeals, arguing that the district court erred by failing to give him notice of its intention to find abuse of the writ and provide him with an opportunity to respond.

■ As an initial matter, Haley's second petition may not be dismissed as a successive petition under Rule 9(b) because it contains allegations different from those raised in his first petition. Still, the filing of the second petition constitutes abuse of the writ if Haley could have raised his new claims in the first petition. *McCleskey,* 499 U.S. at 489, 111 S.Ct. at 1467–68. To avoid dismissal for abuse of the writ, Haley must show cause for his failure to raise the claims in his first petition and demonstrate prejudice. *Id.* at 494, 111 S.Ct. at 1470.

■ Haley correctly asserts that the district court must normally give the peti-

tioner an opportunity to respond before finding an abuse of the writ. The government bears the burden of pleading abuse of the writ by noting the "petitioner's prior writ history [and] identif[ying] the claims that appear for the first time." *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. The burden then shifts to the petitioner to disprove the allegation of abuse of the writ. *Id.* Thus, the district court should generally afford a petitioner the opportunity to respond before dismissing the petition as an abuse of the writ.

■ Haley, however, acknowledged in his § 2255 petition that it was his second petition and argued that he had cause for not raising his claims earlier. *See* R. 51 (Memorandum in Support of Subsequent § 2255 Motion) at 2. In such situations, it is not necessary for the district court to notify the petitioner that he may have abused the writ because he already knows that abuse of the writ is an issue. *See Hunt v. Nuth,* 57 F.3d 1327, 1339 n. 20 (4th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 724, 133 L.Ed.2d 676 (1996). Haley has already presented his explanation of why abuse of the writ should not apply, and there is no reason to remand the case to allow him to tender these arguments once again. Thus, we turn to the question of whether Haley has demonstrated cause for filing a second petition.

■ In his second petition, Haley argues that his conviction constitutes double jeopardy because the government also instituted civil forfeiture proceedings against him. He alleges that he was not aware of this claim earlier because the Supreme Court first addressed the issue in *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), which was not decided until after his first petition was denied by the district court.[1] If a claim was so novel at the time of the first petition that no reasonable litigant would think to argue it, or if a change in the law occurred subsequent to the filing of the first petition, this may constitute cause for not raising a claim earlier. *Reed v. Ross,* 468 U.S. 1, 14–16, 104 S.Ct. 2901, 2909–10, 82

---

1. In *Kurth,* the Supreme Court held that the Double Jeopardy clause barred Montana from imposing a civil penalty on the defendant after a criminal penalty had already been imposed. *Kurth,* —— U.S. at ——, 114 S.Ct. at 1948.

L.Ed.2d 1 (1984); *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995).[2] Haley argues that we may not hold him responsible for failing to make the double jeopardy argument in his first petition because of the claim's novelty.

■ We do not agree that Haley had no reason to know of the double jeopardy implications of civil forfeiture proceedings before the Supreme Court's decision in *Kurth.* As early as 1989, the Supreme Court held that a civil sanction may be punitive and thus barred by double jeopardy if a criminal conviction has already been obtained for the same offense. *United States v. Halper,* 490 U.S. 435, 449–50, 109 S.Ct. 1892, 1902–03, 104 L.Ed.2d 487 (1989). In June 1993, five months before Haley filed his first § 2255 petition, the Court held that civil forfeiture of drug-related assets is, at least in part, punitive. *Austin v. United States,* 509 U.S. 602, ——, 113 S.Ct. 2801, 2811, 125 L.Ed.2d 488 (1993). Finally, in 1992, this court noted that in some circumstances, a civil forfeiture proceeding may place a defendant in jeopardy and thus bar a subsequent criminal prosecution. *United States v. Furlett,* 974 F.2d 839, 843 n. 2 (7th Cir.1992). Thus, the double jeopardy issue was not so novel as to excuse Haley's failure to raise it in his first petition. Nor does Haley's pro se status excuse him from failing to argue the issue in his first petition. *McCowin v. Scott,* 67 F.3d 100, 102 (5th Cir.1995); *George v. Perrill,* 62 F.3d 333, 335 (10th Cir.1995); *cf. Salberg v. United States,* 969 F.2d 379, 383 (7th Cir.1992); *Barksdale v. Lane,* 957 F.2d 379, 385–86 (7th Cir.), *cert. denied,* 506 U.S. 890, 113 S.Ct. 257, 121 L.Ed.2d 189 (1992). Therefore, Haley has not established cause for failing to raise all of his claims in his first § 2255 petition. The judgment of the district court dismissing Haley's second petition as an abuse of the writ is

AFFIRMED.