**David A. ZAVESKY, Petitioner–Appellant,**

**v.**

**Charles B. MILLER, Respondent–Appellee.**

**No. 95–2046.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 1995.*

Decided Jan. 8, 1996.

Published Opinion March 7, 1996.**

* After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be help-ful in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Ac-cordingly, the appeal is submitted on the briefs and the record.

** This case originally was decided by unpublished order under Circuit Rule 53. The respondent-appellee subsequently filed a motion requesting that the order be issued as a published opinion, which motion was granted.

David A. Zavesky (submitted on briefs), Pendleton, IN, Pro Se.

Thomas D. Quigley, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.

PER CURIAM.

Zavesky appeals the denial of his petition for a writ of habeas corpus. Having been convicted of burglary he was sentenced to thirty years in prison, ten years for the burglary count and twenty additional years because he was found to be a habitual offender. Among other arguments, the respondent asserts that the petition should be denied because Zavesky has abused the writ by bringing successive petitions. *See* 28 U.S.C. § 2244(b) ("[An] application for a writ of habeas corpus in behalf of [a] person [who has been denied relief on the merits on an earlier application for such a writ] need not be entertained by a court of the United States ... unless the application alleges and is predicated on a ... ground not adjudicated on the hearing of the earlier application for the writ, and unless the court ... is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.").

Prior to the present application, Zavesky had petitioned for a writ of habeas corpus in the Northern District of Indiana with respect to the current case on the ground that an

earlier conviction, which was being used to support the habitual offender finding in the present case, was based upon an unconstitutionally obtained guilty plea. (R. 14, Cause No. 3:93cv611 AS.) The district court denied that petition, and on appeal we affirmed. *Zavesky v. Duckworth,* 62 F.3d 1420 (No. 94–2282, July 14, 1995). Prior to the district court's disposal of the earlier petition, Zavesky filed the present petition for habeas corpus, alleging a due process violation based upon the trial court's denial of his application for a change of judge, and also asserting that he was denied effective assistance of trial and appellate counsel. In the present case, the district court judge did not base his ruling upon respondent's abuse of the writ argument. Rather, he ruled that Zavesky had committed procedural default with respect to the change of judge issue and ruled against Zavesky on the merits with respect to the other issues. We conclude, however, that Zavesky abused the writ of habeas corpus, and that this provides the appropriate basis to dismiss his petition. As such we do not address the merits of Zavesky's petition or the issue of procedural default.

■ Zavesky's current petition is clearly successive to his earlier petition. Although the earlier petition attacked a prior conviction, Zavesky could only have been attacking that judgment as a basis to argue that his present sentence was improper. As the respondent points out, Zavesky had already served his sentence for the earlier conviction and thus could not have brought a petition for habeas corpus challenging that judgment, except as it related to his being in custody based upon the present conviction. 28 U.S.C. § 2254(a). Thus, although he asserts different grounds for relief, Zavesky's current petition is successive to his earlier petition.

■ The state has the burden of demonstrating "with clarity and particularity ... petitioner's prior writ history, identif[ying] the claims that appear for the first time, and alleg[ing] that petitioner has abused the writ." *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 *reh'g denied,* 501 U.S. 1224, 111 S.Ct. 2841, 115 L.Ed.2d 1010 (1991). In the present case,

the state has done this. Once the state established this, the burden shifted to the petitioner to show cause for failing to raise the new issues in the earlier petition and prejudice therefrom, or in the alternative that the court's failure to entertain the claim would result in "a fundamental miscarriage of justice." *Id.* at 495, 111 S.Ct. at 1471. Petitioner's response does not give any explanation for not raising all his arguments in one petition. (R. 21.) The closest he comes to establishing cause, and he does not come very close at that, is in his argument that he "is not an attorney and must be given great leeway to be able to proceed with this matter...." *Id.* This is not sufficient cause to justify his staggering of claims. The fact that he is not an attorney does not justify his waste of limited judicial resources by bringing two petitions when he could have aired his claims in one.

■ Zavesky's petition also demonstrates that denying relief will not result in a miscarriage of justice. The Supreme Court has equated the miscarriage of justice standard with a claim of actual innocence. *See Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992). And, in order to establish a claim of actual innocence "[t]he prisoner must 'show a fair probability that in light of all the evidence [including that which was illegally obtained as well as that which was legally excluded] ... the trier of facts would have entertained a reasonable doubt of his guilt.'" *Kuhlmann v. Wilson,* 477 U.S. 436, 455 n. 17, 106 S.Ct. 2616, 2627 n. 17, 91 L.Ed.2d 364 (1986) (quoting Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 160 (1970)). In his appeal, none of the allegations that Zavesky makes can be construed as raising the possibility that he was actually innocent. He claims that there should have been a change of trial judge. He also claims ineffective assistance of counsel with respect to a series of issues that do not involve the question of actual innocence. The closest he comes to making such a claim is that trial and appellate counsel failed to raise the issue that the state failed to prove all the elements of burglary. This, however, is only a claim of legal, as

opposed to actual (or factual), innocence, and thus does not meet the miscarriage of justice standard. *See Sawyer,* 505 U.S. at 339, 112 S.Ct. at 2518–19. Therefore, although we reach our decision on a different basis than the lower court, we agree with that court that Zavesky's petition should be denied. *See Roland v. Langlois,* 945 F.2d 956, 962, n. 11 (7th Cir.1991) ("[A]n appellate court may affirm on any ground that finds support in the record.") (citations omitted).

The order of the district court is AF-FIRMED.