**Manuel Nicholas DIAZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. 96–1090, 88–10033.

United States District Court, C.D. Illinois, Peoria Division.

April 9, 1996.

**900**

Manuel N. Diaz, Marianna, FL, pro se.

Thomas A. Keith, Assistant United States Attorney, Peoria, IL, for respondent.

### ORDER

MIHM, Chief Judge.

This matter is before the Court on Manuel Nicholas Diaz' Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 84.) Also before the Court is the Government's Motion to Dismiss Petition for Writ of Habeas Corpus. (Doc. 87.) For the reasons set forth below, Diaz' Motion is DENIED, and the Government's Motion is GRANTED.

### Background

On February 14, 1986, Diaz was convicted in a jury trial for five drug-related offenses which arose out of his cocaine sale to an undercover agent. (Docs. 35–39); *United States v. Diaz*, 814 F.2d 454, 455 (7th Cir.), *cert. denied*, 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987). Diaz appealed. (Doc. 47.) The Seventh Circuit affirmed the conviction on March 16, 1987. *Diaz*, 814 F.2d at 454. In a published opinion, the Seventh Circuit rejected arguments regarding an alleged Fourth Amendment violation, a " 'taint' " to Diaz' confession, a "plethora of objections to evidentiary rulings," the trial court's denial of a continuance to allow Diaz to "encourage a witness who was not under subpoena to appear," and the sufficiency of Diaz' indictment. *Id.*, 460, 460 n. 6.

On January 19, 1988, Diaz filed a Motion for Reduction of Sentence. (Doc. 59.) On February 11, 1988, this Court denied the Motion. (Doc. 61.)

On July 14, 1989, Diaz filed, pro se, his first § 2255 Motion, Case No. 89–1161. (Docs. 67, 68.) Diaz raised three grounds for relief. Diaz argued that the Government failed to prove two elements of the Continuing Criminal Enterprise statute under which he was convicted, that a Government witness made misleading statements at trial because she was threatened by the Government, and that this Court did not continue the trial to enable Diaz to have his former lawyer testify on his behalf. (Doc. 68.) This Court denied the motion, and judgment was entered on January 10, 1990. (Docs. 73, 74.)

On January 25, 1990, Diaz filed a Notice of Appeal. (Doc. 75.) On August 31, 1990, the Seventh Circuit dismissed the appeal for Want of Prosecution, pursuant to U.S.Ct. of App. 7th Cir.Rule 31(z)(2). (Doc. 82.)

On February 26, 1996, Diaz filed, again pro se, the § 2255 Motion currently pending before this Court. (Doc. 84.) Diaz raises two issues. First, Diaz argues ineffective assistance of trial counsel because his counsel, Terry Harn, made "numerous errors." *Id.*, at 5. Diaz argues that Mr. Harn sabotaged his only viable defense, failed to secure his only defense witness (his counsel at the arraignment and plea, Terry Sullivan), failed to request an entrapment instruction, and was an overall ineffective advocate. (Doc. 85, p. 2.) Second, Diaz argues ineffective assistance of "former counsel" because Terry Sullivan did not testify on his behalf. (Doc. 84, p. 5.) On March 15, 1996, the Government filed its Motion to Dismiss. (Doc. 87.) On April 4, 1996, Diaz filed a Traverse. (Doc. 90.)

### Discussion

A second or successive [§ 2255] motion may be dismissed if the judge finds that it

fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Rule 9(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Thus, a second or successive § 2255 motion may be dismissed as an abuse of the writ. *McCleskey v. Zant,* 499 U.S. 467, 493–95, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991); *Van Daalwyk v. United States,* 21 F.3d 179, 182 n. 7 (7th Cir.1994).

■ Procedurally, the Government bears the burden of pleading abuse of the writ. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470; *Zavesky v. Miller,* 79 F.3d 554, 555–56 (7th Cir.1995). The Government must explain the petitioner's prior writ history, identify the claims that appear for the first time in the present motion, and allege that the petitioner has abused the writ. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470; *Zavesky,* 79 F.3d at 555–56.

In the present case, the Government has pleaded the abuse of the writ defense. The Government explained that Diaz had filed a previous § 2255 motion in 1989 which was denied. (Doc. 88, p. 2.) It identified that the two claims raised in the present § 2255 Motion are raised for this first time and alleged that Diaz abused the writ. *Id.,* at 4, 7. The Government also argued that Diaz could have raised ineffective assistance of counsel issues on direct appeal or in his previous § 2255 Motion and that Diaz previously specified that ineffective assistance of counsel was not an issue in his case. *Id.,* at 4, 5.

■ However, a petitioner's second motion will not be dismissed as an abuse of the writ if he disproves abuse by showing *both* cause and prejudice for his failure to raise an issue previously. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470; *Murray v. Carrier,* 477 U.S. 478, 492–96, 106 S.Ct. 2639, 2648–49, 91 L.Ed.2d 397 (1986); *Zavesky,* 79 F.3d at 555–56. A demonstration of cause requires a showing that "some objective factor external to the defense impeded counsel's efforts to

comply" with the proper procedures. *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645.

■ Since Diaz' conviction over 10 years ago, he has filed a Post Trial Motion (Doc. 41), an appeal from his conviction (Doc. 47), a Motion for Reduction of Sentence (Doc. 59), a § 2255 Motion (Docs. 67, 68), and an appeal from the denial of that § 2255 Motion (Doc. 75). Diaz never raised an ineffective assistance of counsel argument in any of these pleadings. To the contrary, in its Order denying Diaz' first § 2255 Motion, this Court stated that, "Petitioner has not argued that the cause of his procedural default was ineffective assistance of counsel. In fact the Petitioner expressly refutes that his counsel was ineffective." (Doc. 73, p. 3.) Diaz argued in his Reply to Respondent's Responses to his first § 2255 Motion that, "it is also important to note that Plaintiff has not maintain [sic] that he was not afforded effective assistance of counsle [sic] pursuant to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." (Doc. 71, p. 3.)

Thus, Diaz was aware that prisoners bring claims for ineffective assistance of counsel and of the seminal case defining this type of claim. Further, Diaz has known since his trial of the substance of the arguments he now offers in support of his ineffective assistance of counsel claims. Diaz knew that he had testified at his trial, knew that entrapment was an issue discussed during his trial, and knew that his trial counsel (Terry Harn) had moved to continue the trial to secure the testimony of Diaz' former lawyer (Terry Sullivan).

■ Despite this knowledge, Diaz expressly declined to bring an ineffective assistance of counsel claim prior to his current § 2255 Motion. A defendant may not withhold a ripe challenge to his sentence. *United States v. Leventopoulos,* 834 F.Supp. 989, 990–91 (N.D.Ill.1993), citing *Norris v. United States,* 687 F.2d 899, 903 (7th Cir.1982); *Williams v. United States,* 805 F.2d 1301, 1308 (7th Cir.1986), *cert. denied,* 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987). In *Leventopoulos,* the court refused to address an ineffective assistance of counsel claim in a second § 2255 motion. *Leventopoulos,* 834 F.Supp. at 990–91. Diaz cannot

expressly decline to raise an issue in a § 2255 motion in 1989 and expect this Court to review it favorably in a successive § 2255 motion in 1996.

In his Traverse, Diaz argues that the Government failed to address his constitutional arguments. (Doc. 90, p. 2.) Diaz also argues that Rule 9(b) uses the word "may" and is not mandatory; that the Government's reliance on *McCleskey* is misplaced or premature because he has filed only one previous petition; that for both of his § 2255 Motions he has proceeded pro se; and that petitioners in cases cited by the Government were represented by counsel. *Id.*, at 3–7.

■ The Government properly pleaded that Diaz abused the writ and failed to demonstrate cause and prejudice. If the Court finds that Diaz abused the writ, then there is no need for the Government to have addressed the merits of his claims. The fact that this is Diaz' second § 2255 Motion, as opposed to a third or fourth, does not compel this Court to review it because, as Diaz himself argues, this Court may dismiss a second petition as an abuse of the writ. The Court is not moved by Diaz' argument that he is proceeding pro se because a petitioner has no constitutional right to effective assistance of counsel to challenge a criminal conviction by a petition for habeas corpus. *Lostutter v. Peters*, 50 F.3d 392, 396 (7th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 130, 133 L.Ed.2d 79 (1995); *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir.1996).

■ Diaz further contends in his Traverse that his first § 2255 Motion was denied on procedural default grounds and not on the merits.[1] (Doc. 90, p. 9.) Diaz has raised new issues, and Rule 9(b)'s mandate that a prior determination of a § 2255 motion be on the merits applies to grounds previously raised. Rule 9(b).

Diaz made no argument that anything external to his defense prevented him from raising his ineffective assistance of counsel issues earlier. Diaz had made no effort to demonstrate cause, and he has not demonstrated cause. A petitioner must demonstrate cause *and* prejudice. *Murray*, 477 U.S. at 494–96, 106 S.Ct. at 2649. Since Diaz has failed to demonstrate cause, this Court need not reach the prejudice prong of his burden. This means that the Court need not address Diaz' contention that the Government's argument is wrong that his admission of guilt precludes a finding of prejudice. (Doc. 90, p. 7.)

■ A petitioner's second or successive § 2255 motion also will not be dismissed as an abuse of the writ if he "can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey*, 499 U.S. at 493–94, 111 S.Ct. at 1470; *accord Zavesky*, 79 F.3d at 556–57. The petitioner must make a colorable showing that he is factually innocent of the crime. *McCleskey*, 499 U.S. at 495–96, 111 S.Ct. at 1471; *Zavesky*, 79 F.3d at 556–57. Further, the claim of actual innocence is only a "basis upon which a habeas petition may have an independent constitutional claim considered on the merits," even though his filing is otherwise successive or abusive. *Herrera v. Collins*, 506 U.S. 390, 416–17, 113 S.Ct. 853, 869, 122 L.Ed.2d 203 (1993).

■ First, in his Traverse, Diaz argues that, "the gravamen of petitioner's constitutional claim is was he 'legally innocent' by virtue of the Government agent's (Diane Brown) entrapment and was [he] denied the constitutional guarantee of effective assistance of counsel" because he testified as to the elements of entrapment—his entire defense—but his attorney failed to request an entrapment instruction. (Bracket in original.) (Doc. 90, p. 8.) Diaz has not made any showing of factual innocence, as is required to demonstrate a fundamental miscarriage of justice.

Second, in the present case, Diaz wrote a letter to this Court dated August 30, 1989.

---

1. Diaz raised three arguments in his first § 2255 Motion. (Doc. 73, p. 1.) One issue was dismissed before the Government responded because Diaz had raised the issue on direct appeal. *Id.* Another issue was a non-constitutional issue and thus was not properly raised in the § 2255 Motion. *Id.*, at 2. The final issue, one of constitutional magnitude, was waived because Diaz did not show cause for his failure to raise the issue on direct appeal. *Id.*, at 4–5.

(Doc. 69, attachment.) In this letter, Diaz stated:

> Your honor, I don't claim innocence to all the crimes I have been convicted. I did break the law and I want to pay for my crimes against our society.

*Id.*

In another letter to this Court, dated November 29, 1989, Diaz wrote:

> I don't doubt that Mr. Terry Harn [trial counsel] did the best he could....
>
> . * * * * * *
>
> I know and understand, Your Honor, that I violated the laws of this country. I also know, that my violation was a very serious one.... I am aware of this and want this Honorable Court and the U.S. Attorney to know that I desire with all my heart to serve the sentence given to me by this Honorable Court.
>
> * * * * * *
>
> I accepted full responsibility for the drugs and their delivery. I want this Court to know that I .am responsible for causing that to happen. I don't deny it, but I also want the Court to understand that I couldn't testify in open court and say that the drugs didn't belong to me, that they belong to Mr. Pintos and that the reason he drove up to Chicago was not because he was working for me, but because he didn't trust me alone with that much cocaine.
>
> * * * * * *
>
> The Court may wonder why I am relating all of this at this time. It is because this probably will be the last time that I will be in front of Your Honor and *I wish the Court to know the truth*....

(Emphasis added.) (Doc. 72, pp. 1–2.)

Diaz stated his desire for this Court to know the truth and that the truth includes his denial of innocence, knowledge that he broke the law, acceptance of full responsibility for "the drugs and their delivery," and his desire to serve his sentence. Based on these statements and admissions and his claim of legal innocence, it is beyond cavil that Diaz cannot make any kind of a colorable showing that he is factually innocent of his crimes. There will be no miscarriage of justice from this Court's denial of Diaz' second § 2255 Motion.

### Conclusion

For the reasons set forth above, Manuel Nicholas Diaz' Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED. (Doc. 84.) The Government's Motion to Dismiss Petition for Writ of Habeas Corpus is GRANTED. (Doc. 87.) This case is TERMINATED.