92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry J. LEE, Petitioner-Appellant,
v.
Mary H. HALL, Respondent-Appellee.
 No. 95-2520.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 22, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Terry J. Lee, a state prisoner acting pro se, seeks to overturn his conviction and sentence for attempted murder, armed violence, and reckless conduct through a petition for a writ of habeas corpus. 28 U.S.C. § 2254. Lee claims he was denied his Sixth Amendment right to confront a witness; that the trial court wrongly permitted hearsay testimony, abused its discretion in refusing to grant a mistrial, and improperly sentenced him to concurrent terms for the same offense; and that his appellate counsel was ineffective because he chose not to raise a number of issues on direct appeal. The district court denied the petition,[1] ruling that (1) the trial court's decision to allow into evidence an absent witness's written statement was a matter of state law beyond the scope of federal collateral review; (2) the fact that a witness was uncooperative and evasive on the stand did not violate the Confrontation Clause; and (3) Lee procedurally defaulted on his remaining substantive claims by not presenting them to the Illinois courts on direct appeal, and defaulted on his claim of ineffective assistance of appellate counsel by not raising it in state post-conviction proceedings. Lee appeals the decision of the district court, and also argues that the district court erred in granting respondents' motion to dismiss the petition without giving Lee an opportunity to respond. We affirm.
 
 
 2
 We first note that this was Lee's first petition for habeas corpus, and due process did not require the district court to give Lee the opportunity to answer respondents' motion to dismiss. See 28 U.S.C. § 2254, Rules 5, 8, 11; compare Haley v. United States, 78 F.3d 282, 284 (7th Cir.1996) (second petition; abuse of the writ). Because Lee's petition and respondents' answer accurately established the relevant factual and legal issues, it is clear that the district court did not abuse its discretion in dismissing the petition before Lee replied to respondents' motion to dismiss. Regarding the other issues on appeal, having reviewed the pleadings and the record, we affirm for the reasons stated by the district court.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 24, 1996, during the pendency of this appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996." (Pub.L. 104-132, 110 Stat. 1214.) Title I of this Act significantly curtails the scope of federal habeas corpus review. We need not decide in this case to what extent the amendments to federal collateral review in the Act apply to petitions pending when the Act was signed into law, because even under the more expansive scope of review permitted prior to the Act, the Appellant in this case would not have been entitled to relief