129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cornelius W. HARRIS, Petitioner-Appellant,
v.
Kenneth MORGAN, Respondent-Appellee.
 No. 96-1825.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997*
November 20, 1997.
Rehearing Denied Jan. 7, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 95-CV-795; Rudolph T. Randa, Judge.
 POSNER, Chief Judge, BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In this appeal, Cornelius Harris challenges the district court's judgment denying his second petition for a writ of habeas corpus as an abuse of the writ. 28 U.S.C. § 2254. We affirm.
 
 
 2
 In 1988, Harris was convicted by a jury of first degree murder. In 1990, he filed his first federal habeas petition, in which he raised three claims: that the trial judge erred in admitting a written statement into evidence; that his confession was involuntary because it was obtained without Miranda warnings; and that the evidence was insufficient to support the jury's verdict. The district court denied his petition on the merits, and we affirmed in an unpublished order. Harris v. McCaughtry, No. 92-3541 (7th Cir. July 21, 1993).
 
 
 3
 In his second federal habeas petition,[1] Harris challenged his conviction on four grounds. First, he claimed that trial counsel rendered ineffective assistance by neglecting to object to the admission into evidence of his written statement and by failing to present a mitigation defense. Then he asserted that he was denied equal protection because the jury was not informed that he had a mitigation defense, denied due process because his lawyer's performance was deficient, and denied the right to appeal a state court's decision denying his request for post-conviction relief The state argued that Harris's petition constituted an abuse of the writ and requested dismissal of the petition. The district court read Harris's response as pursuing only his ineffective assistance of counsel claim, and concluded that Harris did not show cause for failing to raise that claim in his first habeas petition. Harris appeals the dismissal of his ineffective-assistance, equal protection and due process claims.[2]
 
 
 4
 A petitioner abuses the writ of habeas corpus by raising claims in a subsequent petition that could have been raised in an earlier petition but were not. Haley v. United States, 78 F.3d 282, 284 (7th Cir.1996) (per curiam). An abusive petition will be denied unless the petitioner shows cause for failing to raise the claims earlier and prejudice therefrom, or that a fundamental miscarriage of justice would result from a refusal to hear the new claims. Zavesky v. Miller, 79 F.3d 554, 556 (7th Cir.) (per curiam), cert. denied, 117 S.Ct. 93 (1996).
 
 
 5
 First, we disagree with the district court's conclusion that Harris waived his equal protection and due process claims; in fact, Harris argued them at length in his response to the state's abuse of the writ assertion. However, any error is harmless because these claims are nonsensical.
 
 
 6
 Harris maintains that he established cause for failing to raise his ineffective assistance of counsel claim in his first habeas petition because he did not know that an attorney's deficient performance provided grounds for challenging a conviction. Like the district court, we doubt the veracity of this allegation; Harris cited cases in support of his initial petition that discuss ineffective-assistance claims. E.g. Evitts v. Lucey, 469 U.S. 387 (1985); McMann v. Richardson, 397 U.S. 759 (1970). In any event, Harris' pro se status does not excuse his failure to argue the issue in his first petition. Zavesky, 79 F.3d at 556; Haley, 78 F.3d at 285. Finally, Harris makes no claim of actual innocence; in fact, he admits shooting his victim.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Harris filed his second habeas petition on August 8, 1995; therefore, the standards as they existed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 apply. Lindh v. Murphy, 117 S.Ct. 2059 (1997)
 
 
 [2]
 Harris does not challenge the dismissal of his right to appeal claim